UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 25-03260-KK-Ex** | Date: | January 12, 2026 |
| Title: | ***Andrey Kisel v. Kristi Noem et al.*** | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Dominique Carr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order to Show Cause

On December 1, 2025, petitioner Andrey Kisel ("Petitioner"), who is currently detained in the custody of Immigration and Customs Enforcement ("ICE"), filed a Petition for Writ of Habeas Corpus ("Petition") against respondents Kristi Noem, Pamela J. Bondi, Thomas Giles, James Pilkington, and Marin, "Warden, Geo Group Inc, Adelanto Detention Facility" ("Respondents"), arguing his indefinite detention in immigration custody violates the Due Process Clause of the Fifth Amendment.  ECF Docket No. ("Dkt.") 1.  On December 15, 2025, the Court denied Petitioner's first Motion for a Preliminary Injunction and for a Temporary Restraining Order.  Dkt. 12.  On January 5, 2026, Petitioner filed the instant renewed Motion for a Preliminary Injunction and for a Temporary Restraining Order ("Motion").  Dkt. 16, Motion ("Mot.").  On January 8, 2026, Respondents filed an Opposition to the Motion.  Dkt. 18, Opposition ("Opp.").

Under 8 U.S.C. § 1231(a) ("Section 1231(a)"), a noncitizen who has been ordered removed must be detained during the 90-day removal period.  8 U.S.C. § 1231(a)(1)(A), (2)(A).  After the 90-day removal period, "the Government 'may' continue to detain a[] [noncitizen] who still remains here or release that [noncitizen] under supervision."  Zadvydas v. Davis, 533 U.S. 678, 683 (2001) (quoting 8 U.S.C. § 1231(a)(6)).  However, Section 1231(a)(6) includes an implicit limit on "a[] [noncitizen's] post-removal-period detention to a period reasonably necessary to bring about that [noncitizen's] removal from the United States."  Id. at 689.  Recognizing constitutional concerns raised by such prolonged detention, the Supreme Court observed "Congress previously doubted the constitutionality of detention for more than six months," and therefore, "for the sake of uniform administration in the federal courts," established a presumptively reasonable six-month period for post-removal-order detention.  Id. at 701.  After the six-month period, if a noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable

future, the Government must respond with evidence sufficient to rebut that showing." Id. Importantly, "as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." Id.

Here, Petitioner has been detained for nine months, beyond the presumptively reasonable six-month period. As noted in the Court's December 15, 2025 Order, Petitioner's detention grows "more presumptively unreasonable" every day he remains in custody. Dkt. 12 at 5-6 (citation modified) (quoting Vaskanyan v. Janecka, No. EDCV 25-01475-MRA-ASx, 2025 WL 2014208, at *5 (C.D. Cal. June 25, 2025)). While Respondents represent ICE intends to remove Petitioner to Belarus, see Opp. at 2, Respondents do not dispute Petitioner's claim that he cannot be removed to Belarus because Belarus does not recognize him as a citizen, see Mot. at 6-7. Additionally, while Respondents contend "the government is actively seeking a travel document for the Petitioner," Opp. at 5, Respondents' mere request for travel documents is insufficient to demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future. See Nguyen v. Scott, 796 F. Supp. 3d 703, 723-26 (W.D. Wash. 2025).

Accordingly, Respondents are **ORDERED TO SHOW CAUSE** in writing no later than **seven (7) days** of this Order as to why the Court should not grant Petitioner's Motion. In their Response, Respondents should address, among other things, whether Belarus has previously refused to issue travel documents for Petitioner and, if so, whether there are specific changed circumstances since then demonstrating a significant likelihood of Petitioner's removal to Belarus in the reasonably foreseeable future. Petitioner may file a Reply no later than **ten (10) days** from the date of this Order.

**IT IS SO ORDERED**.